UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>  Plaintiff,<br><br>  v.<br><br>B. PRICE, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00955-AWI-JLT (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY SUBPOENA**<br><br>(Doc. 18) |

## I. INTRODUCTION

On April 23, 2020, Plaintiff filed a document titled, "Reply to Notice of Issuance of Subpoena to UCR Health." (Doc. 18.) The Court construed the document as a motion to modify a subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3), and it ordered Plaintiff to submit a copy of the subject subpoena to the Court. (Doc. 19.) Plaintiff submitted a copy on May 13, 2020. (Doc. 22.) Per the Court's order, Defendant filed an opposition to Plaintiff's motion on May 19, 2020. (Docs. 25-26.) Plaintiff has not filed a reply, and the time to do so has passed. (*See* Doc. 19 at 2.) The Court deems the motion submitted.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things. Under Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim

or defense and proportional to the needs of the case." The Court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

Courts recognize a constitutional right to privacy, as well as a doctor-patient and psychotherapist-patient privilege. *See, e.g., Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *Marin Caesar v. Mountanos*, 542 F.2d 1064, 1067 (9th Cir. 1976); *Anderson v. Clawson*, No. C-13-0307-LHK (PR), 2014 WL 3725856, at *2 (N.D. Cal. 2014). However, a party's right and privilege are waived when he raises an otherwise protected matter before the Court. *See, e.g., Caesar*, 542 F.2d at 1070. For example, a party waives the psychotherapist-patient privilege when he seeks monetary damages for emotional distress, since he has placed his mental condition at issue in the case. *E.g., Enwere v. Terman Assocs., L.P.*, No. C-07-1239-JF-PVT, 2008 WL 5146617, at *3 (N.D. Cal. 2008); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999). However, even when a party waives his right to privacy on a matter, the waiver is limited to information that is relevant to the lawsuit. *Enwere*, 2008 WL 5146617, at *2 (citation omitted). This limitation coincides with the Federal Rules' mandate that discovery be limited to matters that are relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**III.   DISCUSSION**

On April 13, 2020, Defendants served on Plaintiff a Notice of Issuance of Subpoena to UCR Health, including a copy of the subpoena. (Doc. 22 at 4-10; Doc. 26 at 4-10.) The subpoena seeks all medical and psychiatric/psychological records of Plaintiff in the possession of UCR Health. (*See id.*) Plaintiff objects to the request for the production of his mental health records, stating that his complaint raises "medical issues, which are only physical not mental … issues."[1] (Doc. 18 at 1-2.)

Plaintiff's operative claims are for inadequate medical care in violation of the Fourteenth Amendment against Defendant Dike. (*See* Docs. 6, 8.) Plaintiff alleges that, as a result of

---

[1] Plaintiff also objects to the production of his disciplinary and legal records. (Doc. 18 at 2.) However, as Defendant points out, the subpoena—of which Plaintiff and Defendant both provide copies (Doc. 22 at 4-10; Doc. 26 at 4-10)—does not mention disciplinary or legal records. (Doc. 25 at 3.) Thus, the Court denies Plaintiff's motion as inapplicable to the extent it challenges these production requests.

Defendant's inadequate medical care in 2018, he "continues … to suffer from problems from … [internal] bleeding which causes extreme discomfort and limits the food he can digest." (Doc. 1 at 7-9.) Plaintiff states that his injuries include pain and suffering, "uncontrolled diabetes," and "on going [sic] medical … issues." (*Id.* at 10.)

Based on the above, the Court does not find that Plaintiff has placed his mental or emotional condition at issue in this lawsuit. Plaintiff does not allege emotional or psychological injuries, and he does not explicitly seek damages for such injuries. (*See id.*) Therefore, Plaintiff has not waived his privacy rights with respect to his mental health records, and his communications, if any, with psychotherapists remain privileged. The Court will therefore grant Plaintiff's motion to the extent that it seeks to modify the subpoena by striking the request for his mental health records. The Court notes that, if Plaintiff seeks damages for emotional or psychological injuries during the course of this litigation, Defendant would be entitled to his mental health records.

Plaintiff's medical records with respect to his physical health, on the other hand, are clearly at issue. Plaintiff does not dispute this. (*See* Doc. 18 at 2.) But the defense is entitled only to those records that are directly relevant to a party's claim or defense. The defendant is not entitled, for example, to Plaintiff's medical records from many years prior to the start of this lawsuit, absent a showing that they are relevant. *See Doe*, 196 F.R.D. at 569-70. Because Defendant's subpoena does not include a time limitation, the Court will modify the subpoena to add a timeframe of five years. Records from this period of time will allow Defendant to assess the validity of Plaintiff's allegations regarding his injuries, and whether any injuries are ongoing, without allowing a fishing expedition going back years.

**IV.   CONCLUSION**

Based on the foregoing, the Court ORDERS:

1. Plaintiff's motion to modify the subpoena (Doc. 18) is GRANTED in part as described herein; and,

///

///

3

Case 1:19-cv-00955-AWI-JLT   Document 27   Filed 06/18/20   Page 4 of 4

2. Defendant's subpoena issued on April 13, 2020, is modified to strike the paragraph on Attachment A that begins with, "Any and all psychiatric/psychological records." The preceding paragraph, which begins with "Any and all records of Richard Scott Kindred (CO 000543-9)," is modified to add the phrase "from January 1, 2015, to January 1, 2020" immediately after "(CO 000543-9)."

IT IS SO ORDERED.

Dated:   **June 17, 2020**                          **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE

4