UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. DIKE,<br><br>　　　　Defendant. | Case No.: 1:19-cv-00955-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**<br><br>(Docs. 42-45) |

Before the Court are Plaintiff's motion to compel responses to his discovery requests[1] and Defendant's motion for a protective order.[2] (Docs. 42-44.) For the reasons set forth below, the Court denies both motions.

**I.　LEGAL STANDARDS**

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Within this general scope, a party may serve on any other party an interrogatory, a request to admit the truth of a matter, or a request to produce documents, electronically stored information,

---

[1] Plaintiff filed two identical motions to compel. (*Compare* Doc. 42 *with* Doc. 44.) It appears that Plaintiff filed the second motion mistakenly.

[2] On December 7, 2020, Plaintiff filed a document titled "Opposition to Defendant's Response to Plaintiffs' [sic] Motion to Compel …; Request for Protective Order." (Doc. 45.) The Court construes the document as a reply to Defendant's opposition to Plaintiff's motion to compel and an opposition to Defendant's request for a protective order. The Court will therefore direct the Clerk of the Court to terminate the (non-)motion.

or tangible things. Fed. R. Civ. P. 33(a), 34(a), 36(a). Pursuant to the Court's Discovery and Scheduling Order, "[r]esponses to written discovery requests shall be due 45 days" after the requests are served. (Doc. 24 at 2.)

If a party fails to produce requested documents or to answer an interrogatory or request for admission, the party seeking discovery may file a motion with the Court to compel a response. Fed. R. Civ. P. 37(a)(3)(B). The moving party must "state the relief sought" and provide "with particularity the grounds for seeking" the relief. Fed. R. Civ. P. 7(b)(1). Generally, the moving party must certify that she has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1); Local Rule 251(b). However, in cases involving civilly detained, *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply; though they are still encouraged. (*See* Doc. 14 at 2.)

If the Court denies a motion to compel, it may issue a protective order pursuant to Rule 26(c). Fed. R. Civ. P. 37(a)(5)(B). Rule 26(c), in turn, provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

**II.   DISCUSSION**

Plaintiff submits his motion to compel on the ground that Defendant failed to timely respond to his requests for production of documents. (*See* Doc. 42 at 1.) According to the proof of service attached to his requests for production, Plaintiff served the requests on Defendant on October 16, 2020. (*Id.* at 9.)

Applying the 45 days provided by the Court's Discovery and Scheduling Order, as well as the additional time afforded by Federal Rule of Civil Procedure 6(d), Defendant's responses to Plaintiff's discovery requests were due on December 3, 2020. Plaintiff's motion to compel and

1    attached proof of service are dated November 13, 2020. (Doc. 42 at 2, 10.) The Court filed the

2    motion on November 19, 2020. Plaintiff's motion was therefore premature.

3          In his reply to Defendant's opposition to his motion, Plaintiff contends that Defendant had

4    still not responded to his requests for production. (Doc. 45 at 1-2.) Plaintiff's reply is dated

5    December 2, 2020, and the proof of service attached to the reply is dated December 3, 2020. (*Id.*

6    at 3, 4.) As explained above, December 3 was the final day for Defendant to serve his responses.

7    Thus, even if the Court were to construe Plaintiff's reply as a separate motion, the motion would

8    still be premature. Accordingly, the Court will deny Plaintiff's motion to compel.

9          In his opposition, Defendant moves for a protective order prohibiting Plaintiff from

10   propounding additional production requests or requiring that Plaintiff seek leave from the Court

11   before doing so.[3] (Doc. 43 at 2.) Defendant makes this motion on the ground that the production

12   requests at issue concern documents that are equally available to Plaintiff or that are in the

13   possession of the Department of State Hospitals, and not Defendant. (*Id.*)

14         The Court does not find good cause to issue the requested protective order. As an initial

15   matter, the Court does not deny Plaintiff's motion to compel based on the substance of his

16   production requests, but because it is premature. Second, Defendant does not make any showing

17   of specific prejudice or harm that will result without the protective order. *See Phillips ex rel.*

18   *Estates of Byrd*, 307 F.3d at 1210–11. Third, the Court does not find that Plaintiff's single set of

19   only seven production requests, (Doc. 42 at 4-8), will cause undue "annoyance, embarrassment,

20   oppression, … burden or expense." If Defendant believes he has grounds to object to Plaintiff's

21   production requests, he can serve such objections on Plaintiff in response to those requests.

22   **III.   ORDER**

23         For the reasons set forth above, the Court ORDERS**:**

24         1. Plaintiff's motion to compel (Docs. 42, 44) is DENIED;

25         2. Defendant's motion for a protective order (Doc. 43) is DENIED;

26         3. The Clerk of the Court is directed to administratively terminate the motion/"Request

27            for Protective Order" filed by Plaintiff (Doc. 45), since the Court construes the filing

28

---

[3] Defendant does not seek an award of expenses pursuant to Rule 37(a)(5)(B). (*See* Doc. 43 at 2.)

1 | as an opposition to Defendant's motion for a protective order.

IT IS SO ORDERED.

Dated: **January 13, 2021**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE