UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DIKE,<br><br>Defendant. | Case No. 1:19-cv-00955-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 49) |

Richard Scott Kindred, a civil detainee at the Department of State Hospitals-Coalinga ("Coalinga State Hospital"), alleges Dr. Anthony Dike provided him inadequate medical care in violation of the Fourteenth Amendment. (Doc. 1.) Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 49.) Defendant argues that summary judgment is proper because there is no evidence that shows that he breached any standard of care when treating Plaintiff or that his acts or omissions caused any injury to Plaintiff. (*Id.* at 2; Doc. 49-1 at 2.) Plaintiff has filed an opposition to Defendant's motion (Doc. 53), to which Defendant has filed a reply (Doc. 54). For the reasons set forth below, the Court recommends that Defendant's motion be granted.

**I.   EVIDENTIARY MATTERS**

The Local Rules provide that a "party opposing a motion for summary judgment . . . shall reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and . . . deny

those [facts] that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b). Federal Rule of Civil Procedure 56, moreover, provides that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record. . ." Fed. R. Civ. P. 56(c)(1).

In his response to Defendant's Statement of Undisputed Facts ("SUF"), Plaintiff fails to cite to any materials in the record to support his denials of Defendant's proffered facts. *See generally* Pl.'s Resp. to SUF (Doc. 53 at 11-20). More generally, throughout his opposition, Plaintiff fails to support his assertions that facts are genuinely disputed with any evidence.[1] *See generally* Pl.'s Opp'n. (Doc. 53). The Court, therefore, considers Defendant's proffered facts as undisputed for purposes of the motion for summary judgment. Fed. R. Civ. P. 56(e)(2).

## II.   SUMMARY OF RELEVANT FACTS

At the times relevant to this case, Plaintiff was civilly detained at Coalinga State Hospital. *See generally* Pl.'s Compl. (Doc. 1). Dr. Dike first met Plaintiff in February of 2017 while "covering . . . Unit 18 of" Coalinga State Hospital. SUF ¶ 5. Dr. Dike examined Plaintiff in September of 2017, diagnosing him with "acute gastritis, morbid obesity, and bilateral leg edema." *Id.* ¶¶ 8-9. Plaintiff received an ultrasound, which "revealed evidence of a liver mass." *Id.* ¶¶ 10-11. In November of 2017, Dr. Dike diagnosed Plaintiff with type II diabetes. *Id.* ¶¶ 15, 17. In April of 2018, Dr. Dike met with Plaintiff to discuss the results of a CT scan, which were "suggestive of ascites, liver cirrhosis and splenic varices." *Id.* ¶ 21.

In his deposition, Plaintiff testified that he reported vomiting to a nurse on June 18, 2018. *Id.* ¶ 26. Dr. Dike was not present at Coalinga State Hospital on that date. *Id.* ¶ 30. Plaintiff further testified that, during the early morning hours of June 19, 2018, he again began vomiting and having diarrhea, and he was taken to the emergency room of the hospital. *Id.* ¶ 32. According to a nurse's notes, "the vomitus looked like partially digested meat." *Id.* ¶ 41.

///

---

[1] Because Plaintiff has not attested under penalty of perjury that the contents of his pleadings and his opposition to Defendant's motion for summary judgment are true and correct, the Court is unable to consider them as evidence. *Cf. Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Dr. Dike visited Plaintiff during the morning of June 19, 2018; his "initial physical examination was unremarkable." *See id.* ¶¶ 33, 43. Dr. Dike concluded that Plaintiff had suffered from gastroenteritis, probably due to a staph infection (i.e., food poisoning). *Id.* ¶ 44.

In the afternoon of June 19, 2018, Plaintiff again began vomiting, "this time with bright red blood in the vomitus." *Id.* ¶ 46. "Dr. Dike diagnosed Plaintiff with 'acute upper GI bleed, acute gastroenteritis and nonalcoholic liver disease.'" *Id.* at ¶ 47. According to Plaintiff, Dr. Dike ordered that he be transferred to Community Regional Medical Center in Fresno. *Id.* ¶¶ 34, 48. While at Community Regional Medical Center, Plaintiff received a transfusion of "packed red blood cells." *Id.* ¶ 50. He was diagnosed with "bleeding esophageal varices, likely secondary to his previously confirmed liver disease." *Id.* ¶ 51. According to Dr. Dike, Plaintiff's prior food poisoning likely "led to retching and the force lacerated or burst an esophageal variceal." *Id.* ¶ 52. Throughout this series of events, Dr. Dike attests that he "used his professional judgment in a manner consistent with the standard of care." *Id.* ¶ 54; Dike Decl. ¶ 25 (Doc. 49-3).

**III.   LEGAL STANDARD**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

///

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., that it might affect the outcome of the suit under governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., that the evidence is such that a reasonable jury could return a verdict for the non-moving party, *see Anderson*, 477 U.S. at 250; *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In attempting to show a factual dispute, the opposing party need not prove a material fact conclusively in her favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

///

1  "In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). However, the opposing party must still produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

## IV.  DISCUSSION

Plaintiff's sole operative claim is a due process claim for inadequate medical care against Dr. Dike. (*See* Docs. 6, 8, 30.) To determine whether the medical care and other conditions of confinement of civilly committed persons are constitutionally adequate, courts look to the substantive due process component of the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 314-319 (1982); *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004). "Involuntarily committed patients in state mental health hospitals have a . . . due process right to be provided safe conditions by the hospital administrators. . . . [W]hether a hospital administrator has violated a patient's constitutional rights is determined by whether the administrator's conduct diverges from that of a reasonable professional." *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016) (internal quotation marks and citation omitted). "[A] decision, 'if made by a professional,[2] is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Id.* (quoting *Youngberg*, 457 U.S. 307 at 323).

"The *Youngberg* [professional judgment] standard differs from the 'deliberate

---

[2] The Supreme Court defined a "professional' decisionmaker" as "a person competent, whether by education, training or experience, to make the particular decision at issue. Long-term treatment decisions normally should be made by persons with degrees in medicine or nursing, or with appropriate training in areas such as psychology, physical therapy, or the care and training of the" intellectually disabled. *Youngberg*, 457 U.S. at 323 n.30.

indifference' standard used in Eighth Amendment cruel and unusual punishment cases. . .'" *Mitchell*, 818 F.3d at 443 (citation omitted). The *Youngberg* standard is an objective standard, and it equates "to that required in ordinary tort cases for a finding of *conscious indifference amounting to gross negligence.*" *Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020, 1029 (9th Cir. 2011) (internal quotation marks and citations omitted).

"Conscious indifference," though less severe than "deliberate indifference," is "more stringent than that required for a finding of negligence, which may be demonstrated by a professional's mere failure to exercise the level of care expected of other professionals in the same field." *Estate of Conners by Meredith v. O'Connor*, 846 F.2d 1205, 1208 (9th Cir. 1988). Under the *Youngberg* standard, "'the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made.'" *Ray Robertson v. Contra Costa Cty.*, No. 15-cv-02549-WHO, 2016 WL 4259135, at *4 (N.D. Cal. 2016) (quoting *Youngberg*, 457 U.S. at 321).

The uncontested facts of this case show that Plaintiff experienced a bout of vomiting on June 18, 2018 and during the early morning hours of June 19, 2018. SUF ¶¶ 26, 32. Dr. Dike was not present at the hospital on June 18, but he visited Plaintiff during the morning of June 19, at which point he diagnosed Plaintiff with gastroenteritis likely due to a staph infection (i.e., food poisoning). *Id.* ¶¶ 30, 33, 44. Plaintiff again vomited during the afternoon of June 19, 2018, this time with obvious blood in the vomitus. *Id.* ¶ 18. Dr. Dike then ordered Plaintiff to be transferred to Community Regional Medical Center. *Id.* ¶ 34, 48.

In his opposition to Defendant's motion for summary judgment, Plaintiff's claim against Defendant boils down to his contention that the doctor should have sent him to Community Regional Medical Center after examining him during the morning of June 19, 2018, instead of waiting until the afternoon of that same date. *See* Pl.'s Opp'n 4-5, 7 (Doc. 53 at 6-7, 9). Plaintiff alleges that "Defendant put [his] life in je[o]pardy by not sending him to the hospital when [Defendant] first saw him." *Id.* 4-5. He further alleges that the "postponement of transporting [him] to Fresno Hospital . . . . cause[d] . . . his injuries or at a minimum added to those injuries."

6

*Id.* 7.

As explained above, under the *Youngberg* professional judgment standard, Dr. Dike's medical "decision[s are] presumed to be valid." *Walker v. Poole*, No. 1:16-cv-1665-AWI-EPG, 2020 WL 6887631, at *3 (E.D. Cal. 2020) (citing *Youngberg*, 457 U.S. at 322) (citation omitted). Plaintiff fails to rebut this presumption. He presents no evidence that Dr. Dike's decisions departed from any standard of care, let alone that they departed to such an extent as to demonstrate that the decisions were not based on any professional judgment. Plaintiff's contention that Dr. Dike should have sent him to the hospital during the morning of June 19, 2018, instead of waiting until the afternoon, amounts to no more than a difference of opinion between Plaintiff and Dr. Dike, which is unsupported by any medical or other evidence. This is insufficient to raise a genuine dispute of fact regarding the standard of care. *See Mitchell*, 818 F.3d at 444 (to survive summary judgment, a civil detainee must "present evidence sufficient to rebut the *Youngberg* professional judgment standard").

In addition, Plaintiff presents no evidence that Dr. Dike's decision to send him to the hospital during the afternoon, rather than the morning, of June 19 caused or worsened any of his injuries. Plaintiff admits that he suffered from "a host of illnesses, including cirrhos[is] . . . [and] late-stage liver disease," (Pl.'s Opp'n 1) and Defendant's evidence shows that Plaintiff's vomiting of blood was likely caused by his previous bout of vomiting, which was likely due to food poisoning, *e.g.*, Dike Decl. ¶¶ 18-19. Plaintiff's contention that Dr. Dike's decision caused him injury or placed his life "in jeopardy" is again a bare opinion unsupported by any medical or other evidence.

Hence, there is a complete absence of proof concerning essential elements of Plaintiff's case. Specifically, there is no "genuine dispute of material fact as to whether [Dr. Dike] substantially departed from accepted professional judgment," *Bettys v. Quigley*, 765 F. App'x 376, 377 (9th Cir. 2019) (citation omitted), and there is no genuine dispute of material fact as to whether Dr. Dike's actions or failures to act caused Plaintiff any harm. Summary judgment is therefore appropriate. *See Celotex*, 477 U.S. at 322.

///

## V.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Defendant's motion for summary judgment be GRANTED. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 26, 2021**              _ /s/ Jennifer L. Thurston
                                          CHIEF UNITED STATES MAGISTRATE JUDGE